# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **HENRY BURKEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 4829 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **MICHAEL J. ASTRUE,** Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry Burkey ("Burkey") petitions this Court for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant, the Commissioner of the Social Security Administration ("Commissioner"), opposes Burkey's motion. The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. For the reasons stated below, Burkey's petition is granted.

### I. Background

Burkey filed an application for Disability Insurance Benefits ("DIB") on May 22, 2002, alleging that he became disabled on October 9, 2001. (R. at 56-58.) Burkey's claim was denied initially and on reconsideration. Burkey then requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 44.) The hearing took place on January 27, 2004, and the ALJ denied Burkey's application on February 11, 2005. (R. at 26, 370.) The Appeals Council of the Social

Security Administration ("SSA") denied Burkey's request for review, making the ALJ's decision the final decision of the Commissioner. (R. at 6-10.) Burkey appealed the ALJ's decision, and this Court reversed and remanded the case to the SSA for further proceedings. (Memorandum Opinion and Order of September 19, 2007 at 29.) This Court found that the ALJ's decision failed to specify a relevant listed impairment and did not provide any analysis of why Burkey's condition did not meet or equal a listed impairment. (*Id.* at 20.) Burkey is now seeking attorneys' fees under EAJA.

## II. Discussion

Under EAJA, the Court may award attorneys' fees if (1) the plaintiff is the "prevailing party" in the underlying litigation; (2) the government's position in the underlying litigation or administrative proceedings was not "substantially justified"; (3) there are no special circumstances that would make an award of fees unjust; and (4) the fee petition is submitted within thirty days of final judgment and is accompanied by an itemized statement of fees. 28 U.S.C. § 2412(d)(1)(A) and (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

It is clear that Burkey is a "prevailing party" because the ALJ's adverse decision was reversed and the case was remanded. *See Jackson v. Chater*, 94 F.3d 274, 277 (7th Cir. 1996) (finding that a remand to the SSA made the plaintiff a "prevailing party"). The Commissioner has not argued that "special circumstances" exist that would make an award of attorneys' fees unjust, and it is undisputed that Burkey filed a timely motion accompanied by an itemization of fees and expenses. Therefore, the Court's inquiry focuses on whether the Commissioner's position was "substantially justified."

The "substantially justified" standard applies both to the government's pre-litigation position, represented in this case by the ALJ's ruling, and to the position the government took in litigating this case. *Cunningham*, 440 F.3d at 863-64. While the fact that the Commissioner lost in the underlying litigation creates no presumption in favor of awarding fees, *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994), the government bears the burden of showing that its position was "substantially justified" at both stages in order to defeat the claim for attorneys' fees. *Cunningham*, 440 F.3d at 864. The Seventh Circuit has stated that the "substantial justification" standard "requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). Put simply, the government must show "a rational ground for thinking that it had a rational ground" for denying benefits. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). It is well settled that a party's position can be "substantially justified" but incorrect, so long as a reasonable person could think that the position was correct. *Golembiewski*, 382 F.3d at 724 (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)).

The Court finds that Burkey is entitled to fees because the government's pre-litigation position, as represented by the ALJ's decision, was not "substantially justified." In order to determine whether a claimant is disabled, the ALJ must employ a five-step inquiry. *Arnold v. Barnhart*, 473 F.3d 816, 820-21 (7th Cir. 2007). At step three, the ALJ must determine whether the claimant's impairment or combination of impairments meets or equals an impairment listed in the agency's regulations. *Id.*; *see also* 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404., Subpt. P, App. 1. Burkey contends that the government's position was not "substantially justified" because

the ALJ erred "by failing to specify a listing and failing to present any explanation or interpretation of evidence" in connection with Burkey's condition. (Pl.'s Mot. at 3.) The Commissioner argues that the ALJ's decision was nonetheless "substantially justified" because Burkey did not identify evidence establishing that his condition met or equaled a listing. (Def.'s Resp. at 3.) The Commissioner also notes that no doctor opined that Burkey met or equaled a listed impairment, and that the state agency physicians opined that he did not. (*Id.*)

Taking a "fresh look" at the record, *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986), this Court finds that Burkey presented some evidence to support his disability claim under Listing 1.04 ("Disorders of the spine"). Burkey's evidence regarding his back condition included the opinions and reports of several doctors, including Dr. Frank, a neurosurgeon. (Memorandum Opinion and Order at 3-5.) In October 2001, Dr. Frank diagnosed Burkey with "[m]ultilevel degenerative disk disease with severe pain" (*Id.* at 5.), and in July 2002 he performed back surgery on Burkey. (*Id.* at 6.) During Burkey's post-surgery visits, Dr. Frank observed satisfactory improvements, but noted that Burkey's range of motion was limited. (*Id.* at 6.) When Burkey visited Dr. Frank for his six-month post-operative check, Dr. Frank concluded that Burkey had a "permanent partial disability rating" under Wisconsin law. (*Id.* at 7.) As a result of this disability, Dr. Frank placed permanent restrictions on Burkey's work functions, limiting lifting to ten pounds and work to four hours per day. (*Id.*) Dr. Frank indicated, however, that the restrictions were based on "an estimate" because Burkey's insurance would not pay for a full functional capacity evaluation and Burkey could not afford to pay for one himself. (*Id.* at 8.)

In addition to Dr. Frank's reports, Burkey testified that despite the surgery, he was experiencing back pain and having difficulty performing routine tasks and motions. (*Id.* at 9-

10.) He stated that he could not stand or sit for very long and that he was frequently changing positions as a result of discomfort. (*Id.* at 9.) Burkey further testified that his pain affected his ability to concentrate and that when he was in pain "he would be unable to finish a job." (*Id.* at 10.) Burkey's wife also testified at the hearing that Burkey complained of back pain and that he did not engage in activity that would require him to stand for any length of time. (*Id.* at 11.) Thus, Burkey clearly identified evidence that could indicate a disorder of the spine, and symptoms that could meet or at least equal some of the symptoms identified in Subpart A, B or C of Listing 1.04.

As the Court noted in reversing the ALJ's decision, step three of the ALJ's disability analysis merely stated that:

> [T]he impairment has not met or medically equaled any impairment listed in Appendix 1, Subpart P, Regulations No. 4 for any 12-month period, consistent with the assessments of reviewing state agency physicians and the medical evidence before them at the time and that added to the record subsequently.

(Memorandum Opinion and Order at 20.) Nowhere in his analysis did the ALJ refer to any specific listing. Nor did the ALJ provide any explanation, interpretation, or substantive analysis of the relationship between Burkey's symptoms and a listed impairment, even though he concluded at step two that Burkey had a "severe" medically determinable back impairment. (*Id.* at 21.) Although his finding that Burkey had a severe impairment does not establish that Burkey's condition met or equaled a listed impairment, it shows that there was evidence in the record to contradict the Commissioner's position that Burkey was not disabled. Even if Burkey's condition failed to meet all of the criteria of a given listing, therefore, the ALJ was required to perform an "equivalence" evaluation and in order to determine whether Burkey's condition was analogous to a listed impairment. *See* 20 CFR § 404.1526.

In its opinion, this Court agreed with the Commissioner that simply failing to identify the applicable listing was not in itself grounds for reversal. (Memorandum Opinion and Order at 20.) *See also Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004). However, the ALJ's opinion disclosed no attempt to construct "an accurate and logical bridge from the evidence to [his] conclusion." *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (quoting *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).). Reversal was required because the Court was unable to determine whether the evidence adequately supported the ALJ's finding that Burkey's impairments did not meet one or more listings. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) ("By failing to discuss the evidence in light of [the Listing's] analytical framework, the ALJ has left this court with grave reservations as to whether his factual assessment addressed adequately the criteria of the listing.").

Because the ALJ failed to support his conclusion with substantial evidence, his decision, and the decision of the Commissioner to defend the ALJ's position, lack the requisite "reasonable basis" in law and fact. The Commissioner argues that the medical evidence showed that Burkey did not exhibit the required clinical findings and that no doctor opined that Burkey met or equaled a listed impairment. (Def.'s Resp. at 3.) This is exactly the type of analysis that should have been present in the ALJ's decision at step three and not in the Commissioner's response to Burkey's motion for attorneys' fees. The ALJ did not advance even a minimal analysis of the evidence at step three and failed to articulate the specific reasons for denying Burkey's claim. His decision did not have a reasonable basis in law or fact, and was not "substantially justified" within the meaning of the EAJA. Therefore, an award of attorneys' fees is appropriate.

Burkey seeks $6,866.25 in fees and costs for work performed by his attorney in appealing

the ALJ's decision. (Pl.'s Reply at 7.) Burkey has the burden of proving that his fee request is reasonable and supporting the request with documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Within thirty days of the final judgment in this action, Burkey submitted his itemized statement stating the actual time expended and the rate at which fees were computed. *See* 28 U.S.C. § 2412(d)(1)(B).

Burkey's initial EAJA petition requested an award of $6,460.00. (Pl.'s Mot. at 6.) This figure was based on 40.1 hours of attorney work at rates varying from $153.75 per hour to $162.50 per hour depending on the year in which the work was performed. (*Id.* at 5.) Burkey's counsel subsequently submitted an additional request of $406.25 for 2.5 hours spent preparing Burkey's reply brief in support of this motion at a rate of 162.50 per hour. (Pl.'s Reply at 6-7.) Burkey asks this Court to depart from the statutory rate limit of $125 per hour in light of increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (attorney fees shall not be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living justifies a higher fee). He urges the Court to increase the hourly rate in accordance with the monthly Consumer Price Index ("CPI") for the Chicago region between 2005 and 2007. (Pl.'s Mot. at 5; Pl.'s Reply at 6-7.) Determining rates by using the annual CPI for each of the years in question is appropriate. *See Marcus*, 17 F.3d at 1040 (7th Cir. 1994); *Reynolds v. Barnhart*, No. 02 C 1545, 2003 WL 21544018, at *2 (N.D. Ill. July 7, 2003) (granting attorneys' fees at an hourly rate reflecting cost of living increases in Chicago based on the CPI). The Commissioner does not dispute the reasonableness of the amount of time spent, the hourly rates, or the total fees requested. This Court finds that the fee request reasonably reflects the cost of living increases allowable under the EAJA. The adjusted hourly rates are as follows: $153.75 for the year 2005; $157.50 for 2006; and $162.50 for 2007.

Accordingly, the Court awards Burkey attorneys' fees for 42.6 hours of attorney work at rates between $153.75 per hour and $162.50 per hour for a total amount of $6,866.25 in attorneys' fees.

### III. Conclusion

The Court grants Burkey's petition for an award of fees pursuant to the EAJA. The total amount of $6,866.25 shall be paid directly to Burkey's attorney, Ashley S. Rose.

**ENTER ORDER:**

                                                  **MARTIN C. ASHMAN**

Dated: April 17, 2008.                          United States Magistrate Judge