**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HENRY BURKEY**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 4829 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **MICHAEL J. ASTRUE**, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Henry Burkey ("Plaintiff") brings this motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). The Commissioner of Social Security ("the Commissioner") does not oppose the motion. The parties have consented to have this court conduct any and all proceedings in this case, including the entry of final judgment. For the reasons stated below, the Court grants Plaintiff's motion.

Plaintiff applied for Disability Income Benefits ("DIB") on May 22, 2002. A hearing was held after his application was denied initially, and an Administrative Law Judge ("ALJ") denied it again on February 11, 2005. The Appeals Council declined Plaintiff's request for review, and Plaintiff appealed the ALJ's decision to this Court. On September 19, 2007, the Court reversed the ALJ's decision and remanded the case for further proceedings. Plaintiff subsequently filed a request for attorney's fees in this Court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On April 17, 2008, the Court awarded $6,866.25 in fees, payable to Plaintiff's attorney.

On remand, Plaintiff received a supplemental hearing before an ALJ, who decided that Plaintiff had become disabled as of February 12, 2005 and awarded disability benefits to the Plaintiff. Pursuant to a fee agreement between Plaintiff and his counsel, under which counsel would receive 25% of any benefits awarded, Plaintiff's counsel was entitled to a fee of $14,104.60 as his contractual portion of Plaintiff's disability award. Counsel also received $6,000 in fees for administrative services under 42 U.S.C. § 406(a).

Under § 406(a), an attorney who has represented a social security claimant can file a fee petition with the Commissioner to receive fees for representing his client at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002). Section 406(b) provides that an attorney who is successful in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). However, the combination of fees under § 406(a) and § 406(b) cannot exceed twenty-five percent of a claimant's past-due benefits. Moreover, if a claimant's counsel receives fees under § 406(b) as well as the EAJA, the attorney must refund the smaller of the fees to the claimant. *Gisbrecht*, 535 U.S. at 796. Section 406(b) also requires a court to assess the reasonableness of an attorney's fee agreement. *Id.* at 809.

In this case, Plaintiff's counsel has submitted a schedule showing that 40.1 hours were expended on this matter at a rate of $351.73 per hour. In light of the Commissioner's acquiescence to all of counsel's claims, the Court finds no basis for disputing the reasonableness of either the hours spent or the rate charged in this matter. Accordingly, the amount of $14,104.60, representing twenty-five percent of Plaintiff's past-due benefits, is reasonable under

§ 406(b). This amount must be offset by the § 406(a) fee of $6,000 that counsel has already received for administrative services provided on remand, leaving a balance of $8,104.60. As the EAJA fee previously awarded by this Court in the amount of $6,886.25 is less than this § 406(b) fee, Plaintiff's attorney is required to refund to Plaintiff the EAJA fee counsel previously received. *Gisbrecht*, 535 U.S. at 796. The Court notes that counsel has stipulated in the instant motion that he would do so.

For these reasons, the Court finds that Plaintiff's motion for attorney's fees [Dckt. # 44] is granted. The Commissioner is directed to disburse the sum of $8,104.60 to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel, in turn, is ordered to pay to Plaintiff the sum of $6,886.25 previously awarded under the EAJA.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
**Dated:** May 18, 2011.      United States Magistrate Judge